# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF OREGON

**SAMANTHA B.,**[1]

    Plaintiff,

v.

**NANCY A. BERRYHILL**, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security,

    Defendant.

Case No. 3:17-cv-01753-SB

**ORDER**

**Michael H. Simon, District Judge.**

    United States Magistrate Judge Stacie F. Beckerman issued Findings and Recommendation in this case on January 22nd, 2019. ECF 27. Magistrate Judge Beckerman recommended that the Court reverse the Commissioner's decision denying Disability Insurance Benefits and Supplemental Security Income and remand for an award of benefits.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the non-governmental party in this case.

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a party files objections to a magistrate judge's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate judge's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report to which no objections are filed."); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (holding that the court must review *de novo* magistrate judge's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate judge's recommendations for "clear error on the face of the record."

The Commissioner timely filed an objection. ECF 29. The Commissioner argues that Magistrate Judge Beckerman failed to discuss the ALJ's rationale that Plaintiff's demonstrated activities were inconsistent with her symptom testimony, and that the ALJ properly discounted the opinion of Plaintiff's treating physician. The Commissioner also argues that even if there was error the proper remedy is a remand for further proceedings.

The Court has reviewed *de novo* those portions of Magistrate Judge Beckerman's Findings and Recommendation to which the Commissioner has objected, as well as Plaintiff's

PAGE 2 – ORDER

response. The Court agrees with Magistrate Judge Beckerman's reasoning and ADOPTS those portions of the Findings and Recommendation.

For those portions of Magistrate Judge Beckerman's Findings and Recommendation to which neither party has objected, this Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent.

The Court **ADOPTS** Magistrate Judge Beckerman's Findings and Recommendation, ECF 27. The Commissioner's decision denying Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income are REVERSED and this case is REMANDED for an award of benefits.

**IT IS SO ORDERED.**

DATED this 20th day of February, 2019.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge